UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KAREN BERGEY,

       Petitioner,

                                          Case No. 12-cv-11058
v.                                    Honorable Thomas L. Ludington

MILLICENT WARREN,

       Respondent.

_____ /

**OPINION AND ORDER ADOPTING JUDGE KOMIVES'S REPORT AND RECOMMENDATION, OVERRULING DEFENDANT'S OBJECTIONS, AND DENYING A CERTIFICATE OF APPEALABILITY**

Petitioner was charged with six criminal charges relating to the operation of a drug laboratory. On April 12, 2010, Petitioner pled guilty as a habitual offender[1] to three of those charges: (1) maintaining a drug house, Mich. Comp. Laws § 333.7405(1)(d); (2) possession of methamphetamine, Mich. Comp. Laws § 333.7403(2)(b)(i); and (3) maintaining a methamphetamine laboratory in the presence of a minor, Mich. Comp. Laws § 333.7401c(2)(b). As part of the plea agreement, the prosecutor dismissed the remaining three charges and Petitioner's habitual offender, third notice offense under Mich. Comp. Laws § 769.11. The trial court sentenced Petitioner as a habitual offender under Mich. Comp. Laws § 769.10 to 2-3 years, 7-15 years, and 10-30 years, respectively. The convictions and sentences were affirmed on direct appeal by the Michigan Court of Appeals and the Michigan Supreme Court.

---

[1] At the time of the plea, Petitioner was a second offender under the Public Health Code Mich. Comp. Laws § 333.7413(2) because she had prior felony convictions for delivery of narcotics.

Proceeding *pro se*, Petitioner filed a petition for a writ of habeas corpus on March 9, 2012. ECF No. 1. The Court referred the petition to Magistrate Judge Paul J. Komives, who issued a report recommending that the Court deny the petition on July 22, 2013. ECF No. 9. Petitioner timely filed objections to Judge Komives's report and recommendation on August 7, 2013. ECF No. 10.

# I

The Court makes a "de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*. 474 U.S. 140, 149-52 (1985). A party must file specific objections to the report or the party's right to further review will be waived. *Thomas*, 474 U.S. at 151. Moreover, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) (citations omitted).

## A

Petitioner makes two objections to Judge Komives's report and recommendation. In her first objection, Petitioner repeats her argument that her sentence was incorrectly calculated under Michigan sentencing guidelines because the sentencing court relied on inaccurate information. Petitioner argues that the sentencing court erroneously relied on the dismissed charges to increase her Offense Variable 12 to ten points. Judge Komives, however, directly addressed Petitioner's arguments in his report and recommendation, finding that "[t]hese dismissed charges could properly be counted in scoring OV-12. Further, reliance on these dismissed charges raises no constitutional problem." Report & Recommendation 8, ECF. No. 9.

An objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in the context of Federal Rule of Civil Procedure 72. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Petitioner thus has not proffered sufficient evidence from which the Court must conclude, as a matter of law, that her sentence was incorrectly calculated under the Michigan scoring guidelines in violation of her due process rights. Accordingly, Petitioner's first objection is overruled.

**B**

Petitioner's second objection is to Judge Komives's conclusion that she was not denied the effective assistance of counsel at trial. Here again, Petitioner repeats the argument from her § 2254 petition, which is not sufficient "to alert the Court to alleged errors on the part of the magistrate judge." *Aldrich*, 327 F. Supp. 2d at 743. Petitioner thus has not adequately set forth a discrete objection to Judge Komives's conclusion that she does not have a viable ineffective assistance claim based on counsel's failure to object to the imposed sentencing guidelines. Accordingly, Petitioner's second objection will be overruled.

**C**

Petitioner may appeal this Court's determination only if she receives a certificate of appealability from this Court. 28 U.S.C. § 2253(c)(2). A certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. A habeas petitioner makes a "substantial showing of the denial of a constitutional right" when she demonstrates that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not debate the Court's conclusions with regard to the merits of Petitioner's claims. As a result, she is not entitled to a certificate of appealability.

Furthermore, Petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**II**

Accordingly, it is **ORDERED** that Judge Komives's report (ECF No. 9) is **ADOPTED**.

It is further **ORDERED** that Petitioner's objections (ECF No. 10) are **OVERRULED**.

It is further **ORDERED** that the petition for habeas corpus is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that permission to proceed *in forma pauperis* on appeal is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 18, 2013

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Karen Bergey #493090 at Huron Valley Complex - Womens, 3201 Bemis Road, Ypsilanti, MI 48197 by first class U.S. mail on September 18, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS